**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DONNA POLNAC | § | C.A. 4:26-CV-03760 |
| | § | |
| | § | |
| | § | |
| v. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY | § | |
| | § | |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

1. **Rule 26(f) meeting.** State where and when the parties met as required by Rule 26(f). Identify the counsel who attended for each party.

   **The parties met by phone on July 27, 2026.** Amar Raval attended for Plaintiff and Iwana Rademaekers attended for Defendant.

2. **Jurisdiction.**

   a. **Basis.** Specify the basis of federal jurisdiction. Identify any disagreements about jurisdiction.

   Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq.

3. **Case background.**

   a. **General description.** Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.

   Plaintiff seeks disability benefits under a group benefits program ("Plan") in which Plaintiff was a participant as a result

of her employment. Plaintiff alleges Lincoln wrongfully denied her claim for further benefits. Lincoln alleges that Plaintiff cannot recover from Lincoln because the decisions made on Plaintiff's claim for benefits were not de novo wrong based on the administrative record for the claim and the relevant plan documents. Both Plaintiff and Defendant have claimed attorneys' fees pursuant to 29 U.S.C. § 1132(e).

b. **Related cases.** List all related cases pending in any other state or federal court. Identify the court and case number. Describe how it relates to this case.

**None.**

c. **Narrowing factual issues.** Specify any agreements or stipulations that can be made about any relevant facts or any element in the cause(s) of action.

**The parties will exchange the ERISA Record and advise the Court if they agree to its contents as representing the only evidence that should be reviewed in this matter.**

d. **Narrowing legal issues.** State any legal issues that can be narrowed by agreement or by motion.

**The parties agree that the applicable standard of review is de novo review.**

e. **Class issues.** Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify the basis for any opposition.

**None at this time.**

4. **Parties.**

a. **Unserved parties.** List any unserved parties. State a date certain by which such party will be served.

**None.**

b. **Additional parties.** List any anticipated additional parties. Identify the party seeking to add them, briefly explain why, and indicate a date by which to do so.

**None.**

c. **Interventions.** List and briefly explain any anticipated interventions.

**None anticipated.**

d. **Interested persons.** Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons.

**Certified.**

5. **Discovery.**

a. **Initial disclosures.** State whether each party has completed its Rule 26(a) initial disclosures. If not, specify the date by which each party will do so.

**Plaintiff served her initial disclosure response on June 9, 2026.**

**Defendant served its initial disclosures on July 17, 2026.**

b. **Topics.** Specify the topics upon which discovery is needed. State whether the parties considered conducting discovery in phases.

The subjects on which discovery may be needed include the relevant documents governing the plan, the administrative record, and offsets under the plan documents. Plaintiff may seek additional discovery pertaining to completeness of the record. Discovery does not need to be conducted in phases.

c. **Completed.** Specify any discovery already underway or accomplished.

**None.**

d. **Limitations.** Describe any requested change to limitations set by the Federal Rules of Civil Procedure as to interrogatories, depositions, or other matters.

**None at this time.**

e. **Preservation.** Describe any issues about preservation of discoverable information.

**None at this time.**

f. **Disputes.** Specify any discovery disputes.

As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff contends that discovery is appropriate to ensure that the record is complete.

6. **Orders.**

a. **Scheduling and docket control order.** State whether any party requests a change to the scheduling and docket control order entered in this case. Specify reasons for any extension believed necessary and clearly indicate any disagreements. Complete and attach a proposed scheduling and docket control order reflecting any extension sought.

**Yes. See attached proposed order.**

b. **Protective order.** State whether the parties will submit for entry a protective order. Describe any issues about confidentiality.

**None at this time.**

c. **E-discovery order.** State whether the parties will submit for entry an order with respect to electronic discovery. Describe any issues about disclosure or discovery of electronically stored information.

7. **Settlement.** Discuss the possibility for prompt, agreed resolution of the case at the Rule 26(f) meeting. State whether the parties are amenable to early mediation or other settlement attempt.

   The parties have discussed settlement informally. If their informal efforts do not result in settlement, they are amenable to participating in mediation.

8. **Trial.**

   a. **Magistrate Judge.** Indicate the parties' joint position on referral of this case for all purposes, including trial, to the Magistrate Judge assigned to this matter.

      **The parties do not agree.**

   b. **Jury demand.** Identify any party that has made a jury demand and whether it was timely.

      **None.**

   c. **Length of trial.** Specify the number of hours it will likely take to present the evidence at trial in this case.

      The parties believe that the case will be resolved through Rule 52, with the possibility of jointly filing a stipulated record. However, if a trial is needed, the Parties estimate that 1 day will be required.

9. **Pending motions.** List all pending motions. Specify any appropriate for argument at the initial pretrial conference.

   **None at this time.**

10. **Other matters.** List any other matter that deserves attention at the initial pretrial conference.

    **None at this time.**

Respectfully submitted,

| | |
|---|---|
| 7/27/26 | /s/ Amar Raval |
| Date | Amar Raval<br>S.D. No. 619209<br>RAVAL TRIAL LAW<br>1133 Merrill St.<br>Houston, TX 77009<br>(713) 324-8118<br>amar@ravaltriallaw.com<br><br>ATTORNEY FOR<br>PLAINTIFF |
| 7/27/26 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers<br>State Bar of Texas No. 16452560<br>S.D. of Texas No. 22781<br>LAW OFFICES OF IWANA<br>RADEMAEKERS, P.C.<br>17304 Preston Road, Suite 800<br>Dallas, Texas 75252<br>Main: (214) 579-9319<br>Fax: (469) 444-6456<br>Email: iwana@rademaekerslaw.com<br><br>ATTORNEY FOR DEFENDANT |